## WILLIAM L. NEWBOLD and THOMAS CRAVEN *vs.* THOMAS W. WILKINS.

In an action on the warranty of a vessel at the suit of the owner, the master is not a competent witness to prove that the vessel was lost through *unsoundness* and not from *negligence.*

RULE to show cause why an inquisition should not be set aside.

The deft. sold a vessel to plff. for $1,000, and warranted her sound. She proved to be unsound and not sea worthy. Plffs. had been compelled to pay several sums on account of goods being damaged, and the vessel finally sunk. An action was brought on the warranty and judgment went by default. The plffs. issued a writ of inquiry, and the inquest found $20 damages. This was an application to set aside this inquisition.

The principal ground relied on by plffs. was, that the jury rejected the testimony of the master of the vessel as to the unseaworthiness of the vessel, being the cause of her loss. It was proved that the vessel was lost in a gale. The master was called to prove that she did not sink from stress of weather or negligence, but on account of her unseaworthiness. The jury thought him interested by reason of his liability to the owners, if the vessel was lost by his default, and therefore rejected his testimony.

The question here was whether this testimony ought to have been admitted.

Plff's. counsel cited 1 *Ph. Ev.* 38; 2 *Esp. N. P.* 347; *Petersdorf* 15, p. 305, *ref.* 7 *T. R.* 601; *do.* 60; 3 *do.* 27. The interest which disqualifies a witness, must be an interest in the *event* of the suit, or in the *record;* where it will be evidence for or against him in another action. An interest in the question merely, will not render him incompetent.

The deft's. counsel insisted that the master of the vessel, being liable over to the owners for negligence, had such an interest in the matter, as rendered him incompetent. The result of this suit, in one way, would place him in a state of security; while, in the other, he would be made liable. He cited *Peake N. P. Cases*, 84, *Rotheroe* vs. *Elton;* 8 *Taunt.* 455, *Morish* vs. *Foote;* 11 *C. L. R.* 510, *Kerrison* vs. *Coatesworth;* 1 *Esp. Cases*, 339, *Thompson* vs. *Bird;* 2 *Gallison,* 48; 2 *Stark. Evid.* 769. And see 3 *Stark. Ev.* 1730, where all the cases are referred to.

The Court, after taking time to consider the case, *discharged* the rule.

*Rogers,* for plff.    *Rodney,* for deft.